IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00943-NYW-MDB

JACK AND MERRILEE McENDRE,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

Before the Court is Plaintiff's "Motion to Remand." (["Motion"], Doc. No. 9.) Defendant has responded in opposition to the Motion. (["Response"], Doc. No. 15.) No reply has been filed, and the time to do so has lapsed. For the following reasons, the Court **RECOMMENDS**[1] that the Motion be **DENIED**.

### SUMMARY FOR PRO SE PLAINTIFFS

The Court recommends denying your Motion to Remand because the allegations in your Complaint, the statements in your Motion, and the civil cover sheet included with your

---

[1] Although the Court has not conducted an extensive analysis on the issue, it notes that several circuits have determined "that a motion to remand is non-case dispositive under Section 636(b)(1)(A), and, therefore, comes within a magistrate judge's authority. Indeed, decisions from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits either directly or tacitly approve of a magistrate judge handling these motions." *Gilbertson v. Allied Signal, Inc*., 1999 WL 35808154, at *1 (D.N.M. Dec. 2, 1999). Nevertheless, because our local rules treat motions to remand as "dispositive," the Court prepares this decision as a recommendation rather than an order. *See* D.C.Colo.L.CivR 72.3(a) ("Dispositive motions include motions…to remand[.]").

Complaint indicate that the amount in controversy is greater than $75,000, and because the parties to this case are citizens of different states. Although an insurer can sometimes be considered a citizen of the same state as its insured, that exception does not apply in this case. If you decide to object to this Recommendation, you must file your objections within 14 days. This is only a summary of the Court's Recommendation and your right to object to this Recommendation. The Court's full Recommendation and advisement is set forth below, and you should read it carefully.

## STATEMENT OF THE CASE

This case concerns what Plaintiffs describe as "significant damage to covered real property and personal property," as a result of a "High Wind Event" on December 15, 2021. (Doc. No. 4 at 2.) The severe wind incident at Plaintiffs' residence in Colorado Springs allegedly resulted in "buildings need[ing] new roofs….structural damage….damage to patio furniture, lights, grill, generator, front door glass, patio bar, built-in outdoor kitchen granite countertop and other miscellaneous items[.]" (*Id.*) Plaintiffs allege that "12 trees were blown over or completely uprooted on [their] property, the largest of which is in [Plaintiffs'] front yard." (*Id.*)

Based on those allegations, Plaintiffs commenced an action against their insurer in Colorado state court on April 25, 2022. (Doc. No. 1-4.) They assert a bad faith claim pursuant to Colo. Rev. Stat. § 10-3-1115, an insurance fraud claim pursuant to C.R.S. § 18-5-211, and a breach of contract claim. (*Id.* at 13, 22.) The Complaint details the alleged damage to Plaintiffs' home and property, identifying dollar amounts for some, but not all, categories of damage. (*Id*. at 3-22.) In connection with their breach of contract claim, they allege "actual damages of more

than $69,000[.]" (*Id.* at 22.) In their civil case cover sheet, Plaintiffs indicate they seek a monetary judgment of more than $100,000. (Doc. No. 15-2.)

Service of the Complaint was effectuated on March 22, 2022. (Doc. No. 1-7.) On April 19, 2022, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting federal jurisdiction predicated upon diversity of citizenship. (Doc. No. 1.) On April 25, 2022, Plaintiffs filed this Motion seeking to remand the case to Colorado state court. (Doc. No. 9.) In their Motion, Plaintiffs raise jurisdictional challenges to removal. (*Id.*) They argue that the court lacks subject matter jurisdiction over this matter because Defendant failed to meet its burden of proving diversity of citizenship between the parties, and because the amount in controversy does not exceed $75,000. (*Id.*)

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (Removal is appropriate "if, but only if, federal subject-matter jurisdiction would exist over the claim.") (internal quotations omitted). "This jurisdictional prerequisite to removal is an absolute, nonwaivable requirement." *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)). Remand to state court is, therefore, required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

As the party invoking federal jurisdiction, Defendant bears the burden of establishing jurisdiction. *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citing *Safe Streets All. V. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017)); *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) ("The removing party has the burden to demonstrate the appropriateness of removal from state to federal court."). Each jurisdictional fact must be established by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted); *see Grabel & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 310 (2005) (explaining that strict construction serves the goal of "not distort[ing] any division of labor between the state and federal courts").

## ANALYSIS

In this case, Defendant alleges subject matter jurisdiction predicated upon diversity of citizenship, which requires: (1) complete diversity among the parties; and (2) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

**I.     Diversity of Citizenship**

In the Notice of Removal, Defendant asserts that Plaintiffs are citizens of Colorado, and Defendant is a citizen of Illinois because it is a "company organized under the laws of the State of Illinois with its principal place of business in Illinois." (Doc. No. 1 at 4 (citing *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).) Defendant further supports its Illinois citizenship by referencing the Colorado Secretary of State's website,

indicating Defendant is indeed organized under the laws of the State of Illinois. (Doc. No. 15 at 4.)[2]

In their Motion, Plaintiffs concede their Colorado citizenship but argue against diversity jurisdiction because according to Plaintiffs, Defendant is also a citizen of Colorado. (Doc. No. 9 at 4-5.) In forming their argument, Plaintiffs appear to rely on the exception that in a "direct action against the insurer of a policy or contract of liability insurance …[the] insurer shall be deemed a citizen of…every State and foreign state of which the insured is a citizen[.]" (Doc. No. 4 at 12 (quoting 28 U.S.C. § 1332(c)(1)).)

Defendant responds that Plaintiffs' reliance on the direction action exception is misplaced. (Doc. No. 15 at 2-3.) The Court agrees. The direct action exception applies when the claim can be imposed directly against the insured, not when an insured sues the insurer for bad faith or failure to settle within policy limits. *See generally Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988); *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985); *Fleming v. Allstate Ins. Co.*, 709 F. Supp. 216, 217 (D. Colo.1989) (finding that the direct action exception "does not apply to actions between the insurer and the insured or one afforded the status of an insured"); *Master v. Allstate Ins. Co.*, 2006 WL 1041702 (D. Colo. 2006) (finding that "the overwhelming weight of authority holds that actions by an insured against his or her own insurer for uninsured motorist coverage benefits or other similar benefits are not direct actions within the meaning of § 1332(c)(1) and that the statute is not applicable to such action"); *Julius v. Metropolitan Cas. Ins. Co.*, 2008 WL 1806134 (D. Colo. 2008) (stating,

---

[2] The Court has independently verified this information with the Colorado Secretary of State, Colorado Secretary of State - Summary of State Farm, (last visited December 7, 2022).

5

"pursuant to *Tuck*, I conclude that 28 U.S.C. § 1332(c)(1)'s direct action exception does not act to destroy diversity jurisdiction in this case because this is not a direct action as the claim could not be 'imposed against the insured'"). Said another way, the direct action exception is intended for instances where a third party has a claim against a citizen of the same state, but rather than suing that same-state citizen, the third party sues that same-state citizen's insurer. *Tuck*, 859 F.2d at 847 (citing *Fortson*, 751 F.2d at 1159). The exception ensures that diversity jurisdiction would not be destroyed simply because a third party proceeds directly against the same-state citizen's insurer. *Id.* Because the direct action exception does not apply, and because the Court is satisfied that Defendant is a citizen of Illinois, Plaintiffs' citizenship argument is not a basis for granting their Motion.

## II.   Amount in Controversy

Plaintiffs also argue that the amount in controversy does not satisfy the $75,000 threshold. (Doc. No. 9 at 3.) They reference a $69,000 "demand," and argue that such demand would "need to be reduced by the amount of the payments received, $21,000.00+." (*Id.*) In the next sentence, Plaintiffs reference compensatory damages of $51,000. (*Id.*) ("As for the actual amount of compensatory damages Plaintiff is seeking…"). It is difficult to discern whether the $51,000 is separate from the $48,000 adjusted demand. However, it is clear is that Plaintiffs also seek "punitive damages for Bad Faith, Insurance Fraud and Breach of Contract." (Doc. No. 4 at 23.) Plaintiffs argue that "neither State Farm nor their attorneys believe even with Punitive damages Plaintiff is likely to recover these amounts," (Doc. No. 9 at 3), but Defendant's belief as to what Plaintiffs may or may not recover is irrelevant to this Court's determination. Plaintiff's adjusted demand is $48,000, and their first cause of action is a statutory bad faith claim, which, if

successful, could result in a recovery that is two times the covered benefit, plus reasonable attorney's fees. *See* Colo. Rev. Stat. §§ 10-3-1115 and 1116. Thus, regardless of whether Plaintiffs seek to recover $51,000 in addition to the adjusted demand of $48,000, and regardless of the likelihood of recovery, the potential treble damages award on a $48,000 claim places Plaintiff's potential recovery over the $75,000 threshold.

On this record, then, Defendant has met its burden to show complete diversity of citizenship between the parties and the requisite jurisdictional amount in controversy. The Court is, therefore, satisfied that there is subject matter jurisdiction over this case. *See* 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, the Court **RECOMMENDS** that the Motion to Remand be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of December, 2022.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge